IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWIGHT SUTTON,                              *

        Plaintiff,

    v.                                      *      CIVIL ACTION NO. WDQ-14-3281

STATE OF MARYLAND, et al.,                  *

        Defendants.                         *
                             ***

## MEMORANDUM

Pending is a Motion to Dismiss, or in the alternative, Motion for Summary Judgment filed by the State of Maryland and the Maryland Parole Commission. ECF 11. The Plaintiff has not filed a response.[1] Upon review of the papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014).

## Background

This case was instituted upon receipt of a civil rights Complaint filed by Plaintiff Dwight Sutton, claiming that he was wrongfully arrested and detained from October 20, 2011 to September 25, 2013, as a result of the Maryland Parole Commission's improper issuance of a retake warrant. ECF 1, pp. 3-4. The Plaintiff alleges that the Honorable Frank Kaufman, United

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on February 3, 2015, the Plaintiff was notified that the Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF 12. The Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id.*

    The Plaintiff sought discovery materials which he claimed were filed under seal with this Court in a previous case. ECF 14 & 25. The Plaintiff's request was denied as, among other reasons, the Court could not locate any materials responsive to the Plaintiff's request. ECF 23. The Plaintiff was provided copies of the docket sheets in Civil Action Nos. FAK-89-1093 and FAK-90-3242 which reveal that Plaintiff's Petitions for Habeas Corpus relief were denied. ECF 23-1.

    The Plaintiff sought and was granted extensions of time to respond to the dispositive motion to and including August 10, 2015. ECF 15, 18, 21, 23, 24 & 29. He has however failed to file an opposition response.

States District Court for the District of Maryland, reversed the Plaintiff's conviction in an unreported per curiam classified memorandum in an unspecified case. *Id.*, p. 4. As such, the Plaintiff contends he was not subject to supervision upon his release from the Maryland Division of Correction and seeks compensatory and punitive damages. *Id.*, pp. 6-7.

In support of his Complaint, the Plaintiff states that on October 20, 2011, after a motor vehicle accident in the Edmonson Village shopping center, he was taken into custody by Baltimore City police for a parole violation and transported to the Maryland Reception, Diagnostic and Classification Center. ECF 1, pp. 1-3. The Plaintiff informed unspecified parole officials that the conviction for which the violation warrant had been issued had been reversed, but he was ignored. *Id.*, pp. 5-6. The Plaintiff appealed the Commission's action to the Circuit Court for Baltimore City, but relief was denied. *Id.*, p. 6.

Defendants offer the following information in support of their dispositive motion. On May 2, 1988, the Honorable Robert F. Fischer, of the Circuit Court for Howard County sentenced the Plaintiff to twenty-five years without parole commencing on July 10, 1987, for assault with intent to rob. The Plaintiff was also sentenced to a ten year concurrent term of imprisonment for attempted robbery and a three year concurrent term of imprisonment for unlawfully carrying a deadly weapon. ECF 11-3.[2]

Based on the Howard County convictions, the Plaintiff's maximum expiration date of his term of confinement was calculated as July 10, 2012. During his confinement, the Plaintiff earned 1,537 days of diminution credits. ECF 11-4. He was therefore released from confinement on April 25, 2008, on mandatory supervision. *Id.*[3]

---

[2] All citations are to the Court's electronic docket.

[3] The Plaintiff refused to sign the acknowledge of the conditions of mandatory supervision release. ECF 11-4, p. 1.

On July 14, 2010, the Parole Commission, after a hearing, found the Plaintiff in violation of his release as he failed to report to his agent on May 2, 2008. ECF 11-5. The Commission however, continued the Plaintiff's supervision and directed him to report to his agent by 10:00 a.m. on July 16, 2010. *Id.*

The Plaintiff failed to report. On August 30, 2011, the Plaintiff's supervising agent so notified the Commission and also informed the Commission that on July 28, 2011, the Plaintiff was convicted of littering in the District Court of Maryland for Baltimore City, ECF 11-6. p. 3. The agent apologized to the Commission for the "gap of supervision in this case." *Id.*, p. 1.

The Commission issued a retake warrant for the Plaintiff on August 30, 2011, charging him with violating the conditions of his release by failing to report to his agent for supervision; being convicted of littering, failing to notify his agent of his arrest,  and by posing a danger to himself and other by virtue of his criminal conduct. ECF 11-7.

The Plaintiff was returned to custody, he acknowledged receipt of the notice of violation hearing and statement of charges, and waived a preliminary hearing. ECF 11-8. He also waived his right to counsel. *Id.* The Plaintiff admitted violating the conditions of his release. *Id.*

On November 3, 2011, the Plaintiff appeared before Commissioner Reynolds for a revocation hearing. ECF 11-9. Based on the evidence presented and the Plaintiff's admission of guilt, the Commissioner found that the Plaintiff had violated the terms of his supervision by not reporting to his agent and being convicted of littering. The Commissioner revoked the Plaintiff's release, awarded him credit under Md. Ann. Code. Corr. Servs. §7-401(d)(1) from April 25, 2008 to July 14, 2010, and revoked all of his diminution of confinement credits under Md. Ann. Code. Corr. Servs, §7-504(b)(1). *Id.*

3

The Plaintiff filed a petition for judicial review of the Commission's revocation decision which was received by the Circuit Court for Baltimore City on July 25, 2012, but marked as filed on November 15, 2011. ECF 11-15, p. 3. The Parole Commission was not notified of the filing of the petition until April 30, 2013. ECF 11-10. In the intervening time between the Plaintiff's hearing and the Commission's receipt of notice of the appeal, the Commission had erased the tape of the revocation hearing. Given the lack of transcript, the Commission offered the Plaintiff the option of proceeding with the appeal without a transcript of the revocation hearing or receiving a new revocation hearing. *Id.* The Plaintiff chose to proceed with the appeal without a transcript. ECF 11-11, p. 3; 11-12.

The Honorable Audrey S. Carrion of the Circuit Court for Baltimore City, however, declined to review the Commission's revocation decision without a transcript. She therefore remanded the case, on September 10, 2013, for a new revocation hearing, without reversing the Commission's decision. ECF 11-16. The Plaintiff's application for leave to appeal the decision of Judge Carrion was denied by the Maryland Court of Special Appeals. ECF 11-17.

The Plaintiff was released from the Division of Correction on September 26, 2013. ECF 11-13. Chairman Blumberg withdrew the Parole Commission's retake warrant and closed the case on October 14, 2013. ECF 11-14.

The Plaintiff's parole file does not contain a copy of a Memorandum Opinion or other Order issue by the Honorable Frank Kaufman in which any of the Plaintiff's convictions were reversed or otherwise set side. ECF 11-2.

### Standard of Review

A.    Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the

4

sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243

(4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does

not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support

of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of

facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however,

accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873

(4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S.

265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see*

*United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.      Motion for Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that
> there is no genuine dispute as to any material fact and the movant is
> entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will

defeat the motion:

> By its very terms, this standard provides that the mere existence of
> *some* alleged factual dispute between the parties will not defeat an
> otherwise properly supported motion for summary judgment; the
> requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest

upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*,

346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The

court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Analysis

A. Sovereign Immunity

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus the Plaintiff's Complaint against the State of Maryland and the Maryland Parole Commission, a State agency, is barred by the Eleventh Amendment.

B. Due Process

Even if the Plaintiff had named the proper parties, his claims would nevertheless fail.     In order to be entitled to the protections of the Due Process Clause, a person must have a constitutionally protected life, liberty or property interest at stake. The Supreme Court recognized that a liberty interest exists in the context of parole revocation in *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). At a revocation hearing, a parolee is entitled to written notice of claimed violations of parole; disclosure of evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses; the right to have a neutral and detached hearing body consider revocation; and written statement by fact-finders as to evidence relied on and the reasons for revoking parole. *Id.* at 489. Although minimum procedural rights were delineated, the Supreme Court recognized that a parole revocation hearing should remain informal to permit receipt of evidence not ordinarily admissible in a criminal trial. *Id.* at 489. In addition, the revocation hearing must be "structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id.* at 484.

7

The Plaintiff was provided written notice of the violations with which he was charged. The Plaintiff admitted violating the terms of his release. A hearing was held by the Parole Commission before the Plaintiff's release was revoked and the Plaintiff received written notification of the decision. *Id.*, Ex 1, Attachments E-G. The Plaintiff has provided no evidence that his sentence was modified by Judge Kaufman as he alleges. Moreover, he does not allege, much less demonstrate, that the Parole Commission was aware of any such decision by Judge Kaufman. In light of the foregoing, the Plaintiff was provided all the process due and the Defendants are entitled to summary judgment.

Conclusion

For the reasons stated above, the Defendants' motion for summary judgment will be granted.

Date: 8/13/15

William D. Quarles, Jr.
United States District Judge